IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LITTLE CREEK CRE, LLC,          )
          )
Appellant,          )      NO. 3:26-cv-00784
          )
v.          )      JUDGE RICHARDSON
          )
STONEBRIAR COMMERCIAL          )
FINANCE, LLC, et al,          )
          )
Appellees.          )

## ORDER

Pending before the Court in this appeal from the United States Bankruptcy Court for the Middle District of Tennessee ("Bankruptcy Court") is an "Emergency Motion For Stay Pending Appeal And Memorandum Of Law" (Doc. No. 3, "Motion"), filed by Appellant, Little Creek CRE, LLC ("Appellant" or "Little Creek"). Via the Motion, Appellant seeks a stay of the "Bankruptcy Court's Order dismissing the underlying Chapter 11 case, pending resolution of this appeal." (Doc. No. 3 at 1).

For the reasons described below, the Motion (Doc. No. 3) is **DENIED**.

## BACKGROUND

This appeal and the instant Motion arise out of the Bankruptcy Court's order (Bankr. Doc. No. 30, "Order") granting the motion to dismiss (Bankr. Doc. No. 16) in the Bankruptcy Court case numbered 3:26-bk-02072 (hereinafter "Bankruptcy Case").[1]

On June 1, 2026, Appellant initiated an appeal of the Order ("Appeal") to the Bankruptcy Appellate Panel for the United States Court of Appeals for the Sixth Circuit ("6th Circuit BAP").

---

[1] When the Court cites to a filing or docket entry in the Bankruptcy Case, it will do so (for citations and textual references, respectively) as: (Bankr. Doc. No. ___) or Bankr. Docket No. ___.

(Bankr. Doc. 37). Concurrently with filing the Appeal, Appellant filed with the Bankruptcy Court an "Expedited Motion to Stay Pending Appeal." (Bankr. Doc. No. 41, "Bankr. MTS"). On June 2, 2026, the Appeal was docketed with the 6th Circuit BAP, where it was assigned case number 26-8014 (BAP Doc. No. 1).[2] On June 3, 2026, the Bankruptcy Court denied the Bankr. MTS. (Bankr. Doc. No. 43). On June 8, 2026, Appellees Eldridge Capital Management, LLC, Blaine Hirsch, Stonebriar Commercial Finance, LLC ("Stonebriar"), and Jeffrey Wilkinson filed with the 6th Circuit BAP an "Optional Appellee Statement of Election to Proceed in District Court." (BAP Doc. No. 5, "Election").[3] On June 9, 2026, Appellant filed the Motion with the 6th Circuit BAP. (BAP. Doc. No. 8). On June 10, 2026, the 6th Circuit BAP found the Election timely made and ordered the Appeal, including the Motion, transferred to this Court, (BAP Doc. No. 10-2), where the Appeal was assigned to Judge Crenshaw, with the case number 3:26-cv-00784. On June 11, 2026, Stonebriar filed an "Unopposed Motion for Reassignment of Case & Memorandum in Support," (Doc. No. 6, "MTR"), wherein Stonebriar sought to transfer the Appeal to the undersigned as related to an earlier filed case (Case No. 3:26-cv-00202). On June 15, 2026, the Appeal (along with the Motion) was transferred to the undersigned. (Doc. No. 12).[4]

Via the Motion, Appellant seeks a stay of the "Bankruptcy Court's Order [Bankr. Doc. No. 30] dismissing the underlying Chapter 11 case, pending resolution of this appeal." (Doc. No. 3 at 1). Appellant's basis for bringing the Motion seems to be that absent a stay of the Order dismissing

---

[2] When the Court cites to a filing or docket entry at such time as the Appeal was before the 6th Circuit BAP, it will do so (for citations and textual references respectively) as: (BAP Doc. No. ___) or BAP Docket No. ___.

[3] Eldridge Capital Management, LLC, Blaine Hirsch, Stonebriar Commercial Finance, LLC, and Jeffrey Wilkinson are four of the five Appellees in the Appeal. The other Appellee is the United States Trustee.

[4] The Appeal was transferred to the undersigned without the MTR being explicitly resolved. Accordingly, the MTR will be denied as moot herein.

the Bankruptcy Case, Appellant will be deprived of its "singular asset," which is a particular "tract

of land"[5] (hereinafter, "the Property"), (Doc. No. 3 at 2), given that the Property is subject to a

foreclosure sale scheduled for June 18, 2026. (Doc. No. 3 at 4).

<u>LEGAL STANDARD</u>

As other district courts have recognized, the granting of a stay pending appeal of a

bankruptcy court order is within the sound discretion of the district court. *Tagnetics, Inc. v. Kayser*,

No. 3:19-CV-00363, 2020 WL 815668, at *2 (S.D. Ohio Feb. 19, 2020) (citing *Nken v. Holder*,

556 U.S. 418, 427 (2009)). And the "propriety" of a stay's issuance "is dependent upon the

circumstances of the particular case." *Tagnetics*, 2020 WL 815668, at *2 (quoting *Nken*, 556 U.S.

at 427). Moreover, as one district court recently put it, "a stay pending appeal is considered an

'extraordinary remedy,'" *Saldana v. Saldana*, No. 3:15-CV-1918-L, 2015 WL 5021415, at *2

(N.D. Tex. Aug. 25, 2015) (quoting *Belcher v. Birmingham Trust Nat'l Bank,* 395 F.2d 685, 686

(5th Cir. 1968)), and even if an appellant may suffer irreparable harm absent the requested stay, a

stay "'is not a matter of right.'" *Saldana*, 2025 WL 5021415, at *2 (quoting *Nken*, 556 U.S. at 426-

27).

> Courts consider four factors when considering whether to issue a stay. These are:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed
> on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested
> in the proceeding; and
> (4) where the public interest lies.

*Tagnetics*, 2020 WL 815668, at *3 (citing *Nken*, 556 U.S. at 434). The Sixth Circuit has made

clear that these "factors are not prerequisites that must be met, but are interrelated considerations

---

[5] The tract comprising the Property is located at "7412, 7450, and 7452 Old Hickory Boulevard, Whites
Creek, Tennessee 37189." (Doc. No. 3 at 2).

that must be balanced together." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir.1985)).

Importantly, "[t]he Supreme Court [has reasoned] that the first two factors—likelihood of success and irreparable harm—weigh the most," and a party "must show greater than a 'possibility' of both" in order for a stay to issue. *See In re Baker*, No. 17-12870, 2017 WL 6015380, at *2 (E.D. Mich. Dec. 5, 2017) (citing *Nken*, 556 U.S. at 434-35). *See also Cosby v. KPMG, LLP*, No. 3:16-CV-121-TAV-DCP, 2021 WL 2668803, at *5 (E.D. Tenn. June 29, 2021) (noting, when considering a motion for stay pending appeal in a non-bankruptcy context, that "even if irreparable harm is clear, the movant must still prove more than a mere possibility of success."). "If, after weighing the first two factors"—which are perhaps better referred to as requirements given that, consistent with the just discussed case law, some showing on both seems to be required for a stay to issue—"the scales tip decisively in one direction or the other, the Court need not consider the remaining factors." *In re Baker*, 2017 WL 6015380, at *2 (citing *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003)). However, a "*movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist.*" *Gripentrog*, 945 F.2d at 164 (emphasis added) (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)).

DISCUSSION

Here, the Court will deny the Motion because Appellant has not made a sufficient showing so as to be entitled to the relief sought via the Motion.

With respect to the first factor that a district court evaluates when considering whether to grant a stay of a bankruptcy court's order pending appeal—likelihood of success on the merits—

the Court notes that it is somewhat unclear whether Appellant must show a likelihood of success on the merits of the *Appeal* or whether Appellant must instead show a likelihood of success in *ultimately obtaining relief* under the Bankruptcy Code so as to maintain ultimate ownership and possession of the Property. Assuming *arguendo* that (as seems probable) Appellant must show a likelihood merely of success on the merits of the *Appeal*—which is the particular showing that Appellant attempts to make via the Motion—Appellant has failed to make that showing. This is because Appellant has failed to cite *any* case law to support its assertion that is has a likelihood of success on the merits of the Appeal; that is, Appellant has failed to cite any case law to support the proposition that the Bankruptcy Court erred in issuing the Order and dismissing the Bankruptcy Case.[6] In other words, Appellant would have this Court identify, on its own and without assistance from Appellant, relevant case law and supporting arguments for Appellant's contention that it has a likelihood of success on the merits of the Appeal.[7] This, the Court will not do. *See Elias v. Nissan N. Am., Inc.*, No. 3:23-CV-00348, 2026 WL 886622, at *30 (M.D. Tenn. Mar. 31, 2026) ("[A]

---

[6] As for the handful of cases that Appellant does cite, they are cited to explain what state law is (purportedly) applicable in this case and to explain what Appellant must show as to the likelihood of success on the merits.

[7] Appellant certainly has adequately made the points that Appellant implies means that it has a likelihood of success on the merits. Those points in substance are that: (i) the Bankruptcy Court dismissed Appellant's bankruptcy petition because it found that Justin Ward ("Ward"), who caused the petition to be filed, lacked authority to file the petition; (ii) Ward is the (sole) managing member of The Ward Organization, LLC ("TWO"), which is the sole member of Appellant; (iii) therefore, Ward had authority to cause the filing of the petition unless somehow he previously had been removed as the managing member of TWO; and (iv) Ward had not been removed as the managing member of TWO, because the words Appellees had used (in a November 6, 2025 written consent) purportedly to remove Ward did not, as written, actually serve to effectuate his removal; (v) the Bankruptcy Court did not disagree with any of points (ii) through (iv) above, but nevertheless dismissed the bankruptcy petition on the rationale that the November 6, 2025 written consent was *intended* by Appellees to remove Ward as managing member of TWO; and (vi) in relying on this intent-based rationale, rather than finding non-removal based on the *text* of the November 6, 2025 written consent, the Bankruptcy Court erred.

  The problem for Appellant here is that it cites no legal authority, and makes no argument, to support the last of these six points. Instead, it seems merely to assume that the sixth point is valid. But the Court cannot simply *assume* that this is valid; instead, Appellants must develop a legal argument that the Bankruptcy Court committed reversible error in relying on its intent-based rationale, and they simply have not done so.

court does not serve as the parties' research assistant, doing the work they cannot be bothered to do: it is emphatically not [the] court's responsibility to research and construct the parties' arguments." (quoting *Ruckman v. PHH Mortg. Corp.*, No. 5:21-CV-00923, 2022 WL 11218098, at *4 (N.D. Ohio Oct. 19, 2022))). Given Appellant's failure to cite *any* legal authority to support the basis for its assertion that is has a likelihood of success on the merits of the Appeal—i.e., to support the proposition that the Bankruptcy Court erred in issuing the Order and dismissing the Bankruptcy Case for the reasons that it did—the Court cannot conclude that Appellant has shown that it has more than a "possibility" of likelihood of success on the merits of the Appeal as required for a stay to issue. *In re Baker*, 2017 WL 6015380, at *2 ("[t]he Supreme Court [has reasoned] that the first two factors—likelihood of success and irreparable harm—weigh the most," and a party "must show greater than a 'possibility' of both" for a stay to issue).[8]

By itself, this failure of Appellant to show that it has more than the mere possibility of likelihood of success on the merits of the Appeal dooms the Motion. Nevertheless, the Court alternatively will also briefly examine the second stay factor—irreparable harm absent the issuance of a stay. With respect to this factor, Appellant asserts that it "faces significant and irreparable harm if the stay is not granted [because] the foreclosure would divest [Appellant] of its only significant asset[: the Property]." (Doc. No. 3 at 8).

---

[8] What's more, in the Motion Appellant has failed even to provide the Court with the applicable standard of review that a district court employs when considering an appeal of a bankruptcy court order—like the instant Appeal of the Order.

The Court notes that generally, a "review [of] the bankruptcy court's conclusions of law [is] de novo, [and a] review [of] its factual findings [is] for clear error," but certain "[e]quitable determinations" of a bankruptcy court "are within the sound discretion of the bankruptcy judge and will not be disturbed absent abuse of discretion." *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607 (6th Cir. 2000). Given the nature of the Appeal, the Court discerns that the appropriate standard of review of the Order would be a de novo review of the Bankruptcy Court's conclusions of law and a clear error review of the Bankruptcy Court's factual findings, but Appellant's failure to even identify the applicable standard of review provides yet another reason to deny the Motion.

As is axiomatic, the possibility that compensatory relief (i.e., monetary damages) will adequately compensate a party for harm that it may suffer "weighs heavily" against a finding of irreparable harm. *Griepentrog*, 945 F.2d at 154 (citing *Samson v. Murray*, 415 U.S. 61, 90 (1974)). True, the loss of real property—for instance through foreclosure—has been found to constitute irreparable harm. *Wonderland Shopping Ctr. Venture Ltd. P'ship v. CDC Mortg. Capital, Inc.*, 274 F.3d 1085, 1097 (6th Cir. 2001). However, federal courts are frequently wary of finding irreparable harm from the loss of real property that is *commercial* real property (like the Property), absent a showing that monetary damages would be unable to remedy any injury from the loss of the commercial property. *See In re Richmond*, No. 14-41678, 2014 WL 5100705, at *4 (Bankr. E.D.N.Y. Oct. 10, 2014) ("Absent special circumstances, the sale of commercial property does not create an irreparable harm, since any harm due to the sale of the property or interference with the business can be remedied with monetary damages." (quoting *Javino v. Pergament*, 2013 WL 1952639 (E.D.N.Y. May 10, 2013))). *In re Baker*, 2017 WL 6015380, at *5 (declining to grant stay even in face of threatened foreclosure of commercial property because appellant "does not explain why monetary damages would not remedy any injury from the sale of commercial property."). Here, the Property is (seemingly) a piece of commercial real estate that is subject to a planned foreclosure sale set for June 18, 2026, which will (evidently) occur absent the Court issuing a stay. (Doc. No. 3 at 4). However, given that Appellant has not shown that monetary damages would be unable to remedy any injury suffered by Appellant from the loss of the Property, the Court finds that Appellant has failed to show that it will suffer irreparable harm absent a stay.[9]

---

[9] Notably, in denying the Bankr. MTS, the Bankruptcy Court seems to have found that Appellant *might* (not to say *would*) suffer irreparable harm from the loss of the Property. (Bankr. Doc. No. 43 at 2-3). Nevertheless, the Court does not discern (and Appellant does not argue) that it is bound by this finding.

Given Appellant's failure to make a satisfactory showing as to either likelihood of success on the merits or irreparable harm, the Court denies the Motion and will forgo herein an analysis of the other two stay factors—i.e., whether issuance of the stay will substantially injure the other parties interested in the proceeding and where the public interest lies. *Cf. In re Baker*, 2017 WL 6015380, at *5 (denying motion to stay pending appeal and declining to examine other stay factors when movant made a weak showing on likelihood of success on the merits and irreparable harm). *See also Tagnetics*, 2020 WL 815668, at *3 ("a court is not required to make specific findings concerning each of the factors if fewer factors are dispositive of the issue." (citing *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003))).[10]

CONCLUSION

Accordingly, the Motion (Doc. No. 3) is **DENIED**. Additionally, and for the reasons set out in an earlier footnote, the MTR (Doc. No. 6) is **DENIED** as moot.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[10] The Court notes, however, that Appellant failed to mention the public interest factor even *once* in the Motion. Given that by clear Sixth Circuit precedent a movant seeking a stay pending appeal must "address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist," *Gripentrog*, 945 F.2d at 154, this failure further buttresses the Court's decision to deny the Motion.